UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LONNIE LASENBBY,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, FRANK DAVISON, and DOES I through V, and ROE COMPANIES I through V, inclusive,<br><br>Defendants. | Case No.  2:13-cv-02338-JAD-VCF<br><br>**ORDER & JUDGMENT**<br>[21, 31, 43] |

Lonnie Lassenbby was attacked by a dog at Frank Davidson's home. He obtained a judgment against Davidson and is trying to collect that judgment from a State Farm Fire and Casualty Company rental dwelling policy issued to the owner of Davidson's home—his deceased parent's trust—under the theory that Davidson is a named insured under the policy so Lassenbby's claims against Davidson should have been covered. Doc. 1-1. Lassenbby and State Farm filed cross motions for summary judgment in which Lassenbby insists that Davison is an insured and beneficiary of the policy, and State Farm takes the diametrically opposed stance that Davidson enjoys no coverage under the policy whatsoever. Docs. 21, 31. Because I find that Davison is not an insured under the unambiguous language of the policy and the undisputed facts of this case, I grant State Farm's motion, deny Lassenbby's, and enter judgment on all claims against Lassenbby.

**Factual Findings**

The court finds that the following facts are undisputed:

1. On October 27, 1992, the Davidson Family Trust was established by agreement.
2. Frank Davison is a beneficiary of the trust, but he is not a trustee. Carol Hollandsworth is the trust's sole trustee.
3. On November 10, 2007, Frank Davidson was living in the home located at 981 Apache Lane in Las Vegas, Nevada. The home was an asset of, and owned by, the trust.

4.      State Farm Fire and Casualty issued a Rental Dwelling Policy, Policy Number 98-CS-0813-1 for the home. The policy was issued to the trust and its trustee Hollandsworth.

5.      The policy language defines "Insured" for purposes of the instant policy as only the trust itself and any trustees. Doc. 21 at 25, ¶ 4(c).

6.      The policy does not list trust beneficiaries as insureds under the policy.

7.      I heard oral argument on these motions on December 11, 2014, and placed findings of fact and conclusions of law on the record; I incorporate those findings and conclusions herein.

## Conclusions of Law

1.      Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A movant satisfies this burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. Proc. 56(c).

2.      Any dispute regarding a material issue of fact must be genuine: the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

3.      In reviewing the scope of coverage under an insurance policy, courts are guided by several well-recognized tenets of construction. The Nevada Supreme Court has held that the terms of an insurance policy are to be construed in their plain and ordinary sense and from the viewpoint of one not trained in law. *See Nat'l Union Fire Ins. v. Reno's Exec. Air*, 682 P.2d 1380, 1382 (Nev. 1984). "The interpretation of an insurance policy presents a legal question." *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011). "If a provision in an insurance contract is unambiguous, a court will interpret and enforce it according to the plain and ordinary meaning of its terms," and its application is appropriate for disposition by summary adjudication. *Id.*; *see also Tzung v. State Farm Fire & Cas. Co.*, 873 F.2d 1338, 1340-42 (9th Cir. 1989).

4.     The only material issue in this case is whether Frank Davidson is an insured under the policy. The policy's terms in this regard are unambiguous: beneficiaries of a trust do not qualify as insureds under the policy; only the trust and its trustee are insureds. Doc. 21 at 25, ¶ 4(c). The parties agree that Frank Davidson is only a beneficiary of the trust; he is not a trustee. Therefore, under the plain language of the policy, Frank Davison does not qualify as an insured under the policy, and the factual and legal basis for all of Plaintiff Lonnie Lassenbby's claims fails.

5.     Accordingly, there is no genuine issue of material fact for trial. Defendant State Farm Fire and Casualty Company is entitled to summary judgment on all of plaintiff's claims because the entirety of plaintiff's claims depends on Frank Davison being an insured under the policy, and the plain language of the policy and the undisputed facts preclude that conclusion.

**Conclusion**

ACCORDINGLY, IT IS HEREBY ORDERED that Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment **(Doc. 31) is GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Doc. 21) is DENIED**;

IT IS FURTHER ORDERED that Defendant State Farm Fire and Casualty Company's Objection to the Magistrate's Order Denying State Farm Fire and Casualty Company's Motion to Stay Proceedings is overruled and the request for reconsideration **(Doc. 43) is DENIED as MOOT** because discovery has closed, so there is nothing left to stay.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that **Judgment on all claims is entered against plaintiff and in favor of defendants, and the Clerk of Court is instructed to close this case.**

Dated:  January 27, 2015.

_____
Jennifer Dorsey
United States District Judge