# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Lonnie Lasenbby,

    Plaintiff

v.

State Farm Fire and Casualty Co. et al,

    Defendants

Case No. 2:13-cv-2338-JAD-VCF

**Order**

After a dog attacked Lonnie Lasenbby at Frank Davidson's home, Lasenbby obtained a judgment against Davidson. By this action, Lasenbby sought to collect that judgment from a State Farm Fire and Casualty Company insurance policy. The policy was issued to the owner of Davidson's home. I granted summary judgment against Lasenbby.[1] I now consider Lasenbby's Rule 60(b) motion for reconsideration of that ruling and State Farm's motion for costs, which were both filed in early February 2015.[2] Lasenbby filed a notice of appeal on February 25, 2015.[3] After reviewing the record and law, I deny Lasenbby's motion for reconsideration and grant in part and deny in part State Farm's motion for costs.

---

[1] Docs. 50, 56.

[2] Docs. 58, 60.

[3] Doc. 67.

## Discussion

### A. Reconsideration

Once a party files a notice of appeal, the district court lacks jurisdiction to entertain a Rule 60(b) motion.[4] But if there was a timely filed motion for reconsideration pending when the notice of appeal was filed, as in this case, the notice of appeal does not divest the district court of jurisdiction.[5] Lasenbby's motion is timely because it was filed within a year of the judgment date.[6]

Rule 60(b)(1) allows me to grant relief from a final judgment that is wrongly entered due to "mistake, inadvertence, surprise, or excusable neglect." Because this rule is designed to be remedial, it "must be liberally applied."[7] Determining "what conduct constitutes excusable neglect under Rule 60(b)(1) . . . is at bottom an equitable [decision], taking account of all relevant circumstances surrounding the party's omission."[8] Four factors shape the excusable-neglect analysis: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[9]

These factors do not favor granting Lasenbby relief. First, the defendants would be prejudiced if I granted the motion because they won an adjudication on the merits and would be subject to additional motion practice and discovery if this case were reopened. Second, reopening the case would cause considerable delay based on arguments and discovery that Lasenbby could

---

[4] *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

[5] *See United Nat'l Ins. v. R & D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001). Under Appellate Procedure Rule 4(a), a Rule 60(b) motion is "pending" and suspends the effect of a notice of appeal when the motion is filed "no later than 28 days after the judgment is entered." Fed. R. App. Proc. 4(a)(4)(A)(vi).

[6] *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

[7] *Id.*

[8] *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

[9] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

have made earlier, without waiting until judgment was entered to attempt yet another bite at the apple.

Third, Lasenbby offers little explanation for why he waited to raise the arguments he now presents. Lasenbby's first argument for reconsideration offers a new way to read the insurance-policy language.[10] The meaning of this policy was central to the disposition of this case, Lasenbby could have offered this interpretation earlier, and he does not argue now that he was unable to raise it before. Lasenbby's second argument is that Davison is insured by State Farm because he is a property manager for the property in question.[11] While Lasenbby argues that he only became "reasonably aware" of this when he deposed Carol Hollandsworth (who is insured) and Frank Davison (who is not) the day after the summary-judgment hearing, nothing prevented the plaintiff from conducting this discovery before judgment was entered.[12] Lasenbby never argues that these individuals were previously unavailable—only that, when he deposed them after judgment was entered, they provided more information to support his thin property-manager theory. Fourth, while I see no evidence of bad faith, this factor is outweighed by the others that favor denial of this motion.

I also do not see any mistake, inadvertence, or surprise that warrants reconsideration. Lasenbby's insurance-policy argument, while new, focuses on the same issues that the parties have already litigated; his property-management argument is based on post-judgment discovery. For the reasons that support a finding of no excusable neglect, I also do not find mistake, inadvertence, or surprise. Lasenbby's motion for reconsideration under Rule 60(b)(1) is therefore denied.

**B.     Motion for Costs**

State Farm also moves for $5,945.98 in costs under Federal Rule of Civil Procedure 54(d)

---

[10] *See* Doc. 58 at 4–6.

[11] *Id.* at 6–7.

[12] *See* Doc. 64 at 5–6.

3

and Local Rule 54-1.[13] This sum includes $403.50 in filing fees, $170.80 in summons and subpoena fees, $4,101.65 in transcript fees, $61 in witness fees, and $1,209.03 in copy fees.[14] Lasenbby offers two objections to State Farm's motion for costs.[15]

    First, Lasenbby objects to the transcript fees: he argues that State Farm (1) should not receive $150 for a late-cancellation transcript fee and (2) only provides invoices for $3,877.75 in transcript costs, not for the claimed $4,101.65.[16] Altogether, he would reduce the transcript fees by $373.90.[17]

    State Farm argues that the cancellation fee is recoverable because it "was incurred in conducting [expert Gary] Frye's deposition."[18] I agree Lasenbby should not have to pay for State Farm's late notice in cancelling a deposition. Accordingly, the total recovery is reduced by $150.[19]

    In addition, State Farm provides a corrected transcript invoice: it states that it mistakenly included a November 5, 2014, invoice charging $216.20 for videography of Steven Mudd, and it now provides a November 26, 2014, invoice for $502.80 in transcript costs for Mudd.[20] State Farm's original motion for costs includes an invoice dated November 6, 2014, that indicates a $216.20 charge.[21] The new invoice is dated November 26, 2014, and reflects a $502.80 charge.[22]

---

[13] Doc. 60 at 1.

[14] *See* Doc. 61 at 1–2.

[15] Lasenbby also generally objects to "all costs," without providing any specifics for why he objects to every cost sought. *See* Doc. 66 at 2. In the alternative, he brings two specific objections. *See id.* I decline to litigate the issue of all costs for the parties, but on review, find the total award appropriate as described in this order.

[16] Doc. 66 at 4–5.

[17] *See id.*

[18] Doc. 70 at 5.

[19] The invoice for the late-cancellation fee appears at Doc. 61-3 at 2.

[20] *Id.*

[21] Doc. 61-3 at 7.

[22] Doc. 70-1 at 2.

4

There is a $286.60 difference between the November 6 invoice and the November 26 invoice, which is more than the unaccounted-for amount that Lasenbby claims, though State Farm still requests $4,101.65 for transcripts.[23] After totaling the transcript invoices in Exhibit C—less the $150 late charge and with the new November 26 invoice substituted in—I find that these invoices total $4,014.35 in transcript costs.[24] I thus grant $4,014.35 in transcript costs to State Farm.

     Second, Lasenbby objects that copy costs are not recoverable under Local Rule 54-6 and urges me to reduce the overall cost award by the $1,209.03 that State Farm seeks for copies.[25] He urges that State Farm should have explained what documents were copies and what purposes they served.[26] Under Local Rule 54-6(a), "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable." In contrast, "[t]he cost of reproducing copies of motions, pleadings, notices and other routine case papers is not allowable."[27] A party also may not tax copies "obtained for counsel's own use."[28] State Farm provides three copywork invoices: one for the claims file produced in discovery, one for a liability analyst, and one for State Farm employees who were preparing for depositions that Lasenbby requested.[29] Though the material produced in discovery falls within the ambit of necessary documents, the additional copywork was made as part of State Farm's own litigation preparation and thus cannot be taxed. Accordingly, I limit the taxable copywork to $118.30, which is the amount shown in the claim-file invoice.

     In sum, I find that the following costs are taxable: $403.50 in filing fees, $170.80 in summons and subpoena fees, $4,014.35 in transcript fees, $61 in witness fees, and $118.30 in copy

---

[23] Doc. 70 at 5,

[24] *See* Doc. 61-3 at 3–6, 8–10; *see also* Doc. 70-1 at 2.

[25] *See* Doc. 66 at 5.

[26] *Id.*

[27] L.R. 54-6(a).

[28] *Id.*

[29] Doc. 70 at 6; *see* Doc. 61-4 at 2–4.

5

fees, for a total taxable bill of $4,767.95. I grant this amount in costs to State Farm.

**Conclusion**

Accordingly, it is hereby ORDERED that plaintiff Lonnie Lasenbby's motion for reconsideration **[Doc. 58] is DENIED**.

It is further ORDERED that defendant State Farm's motion for costs **[Doc. 60] is GRANTED in part and DENIED in part**. State Farm is awarded costs of $4,767.95.

DATED June 2, 2015.

_____
Jennifer A. Dorsey
United States District Judge